FILED 24 AUG 7 14:21USDC-ORM

1

2                    UNITED STATES DISTRICT COURT

3                      FOR THE DISTRICT OF OREGON

4                         MEDFORD DIVISION

5

6                                    Case 1:24-cv-01291-MC

7    **David White, Pro Se P**

8    18965 NW Illahe St,                CLASS ACTION COMPLAINT

9    **Portland OR. 97229**             ~~Magistrate Judge Mark D. Clarke~~

10   dave@salmonprotectiondevice.com

11   503-608-7611                       COMPLAINT FOR

12                                      DECLARATORY

13                                      JUDGEMENT, DAMAGES

14                                      AND INJUNCTIVE RELIEF

15

16   **vs.**

17

18   **Defendant 1. (D1)**

19   **Dave Coffman, as geoscientist**

20   **dcoffman@res.us**

21   **Resource Environmental Solutions, (RES)**

22   **Corporate Headquarters – Houston**

23   **6575 West Loop South, Suite 300**

24   **Bellaire, TX 77401**

25   **713.520.5400 x6134**

26   **Defendant 2. (D2)**

27   **Mark Bransom in his capacity as Chief Executive Officer of**

28   **Klamath River Dam Renewal Corp. (KRRC)**

29   **info@klamathrenewal.org**

30   **Defendant 3 (D3)**

31   **Klamath River Renewal Corporation**

32   **2001 Addison Street, Suite 317**

33   **Berkeley, CA 94704**

34   **Phone: 510-560-5079**

35   ────────────────────────────────

36   Legal Counsel for D2 and Klamath River Renewal Corporation (KRRC),

37   (D3)

38   **Julia E. Markley**, Bar No. 000791

39   JMarkley@perkinscoie.com

40   **Megan Kathleen Houlihan**, OSB No. 161273

41   MHoulihan@perkinscoie.com

1   **PERKINS COIE LLP**
2   1120 N.W. Couch Street, Tenth Floor
3   Portland, Oregon 97209-4128
4   Telephone: 503.727.2000
5   Facsimile: 503.727.2222
6   **Laura Zagar**, *Pro Hac Vice Forthcoming*
7   LZagar@perkinscoie.com
8   **PERKINS COIE LLP**
9   505 Howard Street, Suite 1000
10  San Francisco, CA 94105
11  Telephone: 415.954.3230
12  Facsimile: 415.344.7050
13  **Richard Roos-Collins**, *Pro Hac Vice Forthcoming*
14  rrcollins@waterpowerlaw.com
15  Water and Power Law Group PC
16  2140 Shattuck Avenue
17  Suite 801
18  Berkeley, CA 94704
19  Telephone: 510.296.5589
20  *Attorneys for Defendants Mark Bransom and*
21  *Klamath River Renewal Corporation*
22
23  TABLE OF AUTHORITIES
24

25  1)18 USC 3 accessory after the fact.......................................3, 34
26  2) 16 USCA § 1532(19);....................................................
27  3) Scott, J. M. & Karl, J. (1999) "Local and national protection of
28  endangered species: An assessment," Environmental Science & Policy, 2,
29  pp. 43-59.
30  4) 18 U.S. Code § 41 - Hunting, fishing, trapping; disturbance or injury on
31  wildlife refuges.
32  5) The Endangered Species Act of 1973,
33
34  https://www.fws.gov/laws/endangered-species-act/section-11
35
36  6) 18 U.S.C. § 1001 False Statements, Concealment
37
38  7) 18 U.S.C. 1621 Perjury
39
40  8) 18 USC 3 accessory after the fact.
41

9) 29 CFR § 1606.8 (1) – Harassment has the purpose or effect of creating an intimidating, hostile or offensive working environment

10) 28 U.S. Code § 4101 The term "defamation" means any action or other

proceeding for defamation, libel, slander, or similar claim alleging that

forms of speech are false, have caused damage to reputation or

emotional distress, have presented any person in a false light, or have

resulted in criticism, dishonor, or condemnation of any person.

11) 33 U.S.C. §1251 et seq. (1972) Clean water act Section 404.

12) 29 CFR § 1606.8 (1)

13) 28 U.S. Code § 4101.

14) June 28th, 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce.
https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf

15) Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002):  Pagtalunan

was Pro Se and made numerous mistakes in filing his complaint resulting

in the case being dismissed. However, upon appeal, the higher Court

ruled that the lower Court was in error because they did not give allowance

for Pagtalunan's lack of legal training.

16) 18 U.S.C. 1743. Perjury

17) FRCP 3 (4)


Plaintiff respectfully requests the honorable federal Judge to convene this

case as an article III section of the US constitution.

Article III Section 2 of US Constitution says: "The Judicial Power shall extend to all cases in law and equity, arising under this constitution., the laws of the United States and Treaties made or which will be made under the Authority;- to all cases affecting ambassadors, other public Ministers and Counsels, to controversies to which the United States shall be a party;- to controversies between two or more states, ... between citizens of different states, between a state or the citizens thereof."

Therefore, all courts from US Supreme Court to local traffic Court must be Constitutional Courts and not Administrative Law Courts. Administrative Law would include the court dismissing Plaintiff's pleadings because of a running list of rulings requested. This is not illegal nor against any Court rules. Administrative Law is the courts giving preference to Legal Counsels untruthful pleadings simply because they are "the Attorney's", over a Plaintiff using the law correctly and truthfully.

Continuing with the June 28th ruling last paragraph page 8 "The only way to "ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion," Vasquez v. Hillery, 474 U. S. 254, 265, is for the Court to leave Chevron behind. By overruling Chevron, though, the Court does not call into question prior cases that relied on the Chevron framework. The holdings of those cases that specific agency actions are lawful—including the Clean Air Act holding of Chevron itself—are still

4

subject to statutory stare decisis despite the Court's change in interpretive

methodology. See CBOCS West, Inc. v. Humphries, 553 U. S. 442, 457.

Mere reliance on Chevron cannot constitute a " 'special justification' " for

overruling such a holding. Halliburton Co. v. Erica P. John Fund, Inc., 573

U. S. 258, 266 (quoting Dickerson v. United States, 530 U. S. 428, 443).

Pp.29–35.No. 22–451, 45 F. 4th 359 & No. 22–1219, 62 F. 4th 621,

vacated and remanded.

II                    **Basis for Jurisdiction**

Basis for Jurisdiction is a federal environmental question. An

Environmental disaster in the Klamath Basin from Defendants willful

destruction of the environment. This is in clear violation of the Federal

Clean Air and Federal Clean Water Acts of US Congress. Also violations of

killing fish including endangered Salmon without permits. Additional

violations are: 18 USC 3, 16 USCA § 1532, 18 U.S. Code § 41, Item 3

below, The Endangered Species Act of 1973, 18 U.S.C. § 1001, 18 U.S.C.

1621, 18 USC 3, 29 CFR § 1606.8, 28 U.S. Code § 4101, 33 U.S.C. §1251,

29 CFR § 1606.8, 28 U.S. Code § 4101, 18 U.S.C. 1743 and FRCP 3.

Also during the arson ("wildfire") season https://cctruth.org/wildfire/ the air

support doesn't have the reservoirs to get needed water from.

Venue
The appropriate venue is Medford Oregon Court

III Statement of Claim

Defendants have destroyed the Klamath river basin area. Class action members are acutely affected by pending flooding and loss of wildlife and friends. The silt left beside the river is highly contaminated with Arsenic and Chromium 6 at many times the allowable limits.

Class action members are people who reside in the Klamath Basin:

**PLAINTIFF'S CLASS ACTION COMPLAINT WITH INJUNCTION**

## TABLE OF CONTENTS

I. INTRODUCTION................................................................... 6
II. BACKGROUND.................................................................. 7
III. ARGUMENT..................................................................... 8
IV. CONCLUSION.................................................................. 15
V. PRAYER FOR RELIEF......................................................... 17

## INTRODUCTION

Plaintiff writes this Pleading reminding the Federal Court to convene this case as an article III, of the U.S. Constitution Court case, per the recent US Supreme Court ruling in 12) above. Article III Section 2 of the U. S. Constitution stipulates that "The Judicial Power shall extend to all cases in law and equity, arising under this constitution, the laws of the United States and Treaties made or which will be made under the Authority;

- to all cases affecting ambassadors, other public Ministers and Counsels, to controversies to which the United States shall be a party;

- to controversies between two or more states, … between citizens of

different states, between a state or the citizens thereof.

https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf
First Page, second paragraph: Held: The Administrative Procedure Act

requires courts to exercise their independent judgment in deciding whether

an agency has acted within its statutory authority, and courts may not defer

to an agency interpretation of the law simply because a statute is

ambiguous; Chevron is overruled. Pp. 7–35.

(https://www.foleyhoag.com/news-and-insights/publications/alerts-and-
updates/2024/july/chevrons-demise-and-what-it-means-for-healthcare-and-
life-sciences-companies/ )

Therefore, agencies like the Federal Energy Regulatory Commission

(FERC) can't cherry pick data to match their administrative agenda.


## **BACKGROUND**

The court docket reflects case 3:24-cv-00755-JR final dismissal on

7/26/2024 must be vacated because it's based on untruthful filings of

defendants. That and this case are environmental laws broken by

defendants. This is exacerbated by their deception of FERC and the San

Francisco Army Corps of Engineers in filings claiming they

dredged behind the dams. Exhibit 1 is a letter from CAMAS to

the Army Core about the project containing defendants' false

claims.  As an example: Page 2 lines 35

to 37 says: "While the Clean Water Act Section 404 permit

application (SPN-2003-279850) includes a maximum of 1,500

cubic yards of sediment relocation, the actual amount of

dredged sediment is expected to be much smaller. However,

Defendants let out 5 million metric yards of silt from the IRON

gate dam. This is a clear violation of Section 404 permit

application (SPN-2003-279850) and the Federal Clean Water

Act! ECF 67 page 3 lines -11: "3.

The Siskiyou News reported, that "There is no debate that the

release of about 5-million metric yards of sediment from Iron

Gate Dam on January 23, 2024, killed virtually all aquatic

lifeforms in the Klamath River all the way to the coast."

https://www.siskiyou.news/2024/03/09/anyone-remember-the-

1964-klamath-river-flood/


**ARGUMENT**

Plaintiff has explained in detail Defendants' failure to mitigate.  This

failure led to deception of FERC and the Army Corps Of Engineers by

filing a sham Chemistry test that contradicts all other evidence,

notably the Department of Interior testing

of lethal contamination.


1. Screening-Level-

Evaluation-of-Contaminants-in-Sediments.pdf

See chapter 3. Arsenic, Chromium 6 and DDT in the sediment behind the

dams. 2011 Report of extremely dangerous arsenic, Chromium 6 and DDT

contamination in the Klamath River System silt.

The information below is from the 2009-2011 chemistry test of silt

Behind the Klamath River dams, which have now been deposited on

downstream riverbanks, thanks to defendant's ineptitude. All the riverbanks

are now contaminated with ultra-high levels of arsenic, chromium 6 and

carcinogens in the silt. No human should go near the river without a gas

mask and the original mitigation requirement of fencing must now be

installed over twice as much River mileage (RM) to prevent further

destruction of wildlife. This is a high price to pay for defendants' penchant

for cutting corners to get the job done quickly.

2000 fish and a herd of elk perished because of slip-shod or

utter failure to mitigate. Defendants said they dredged behind the dams.

This is either untrue or the mitigation was woefully inadequate.  Now

Defendants are trying to cover their tracks by deception and legal mumbo-

jumbo.  Contaminated Silt envelopes both banks of the river all the way to

the Pacific. Their so-called chemistry test violated every testing protocol.

For example, Defendants' conveniently left out required details about how

.

the samples were acquired, i.e. at the tributaries with pristine water. These

three untruthful documents were uploaded to FERC and Army Corps of

Engineers. Plaintiff through a Freedom of Information Act request received

these Corps filings of the defendants. This is 18 U.S.C. § 1001 False

Statements, Concealment, 18 U.S.C. 1621 Perjury and 29 CFR § 1606.8

(1).



This is the silt on both sides of the river downstream of JC Boyle dam. If

defendants dredged behind the dam than these enormous and highly

contaminated silt deposits, extending for miles along the riverbanks, would

not exist. Defendant 1 is not mitigating the contaminated silt simply by

planting grass and shrubs.  Plants obviously absorb arsenic and other

1 poisons from the soil, which in turn kills any animal grazing along the
2
3 shore.
4



5
6
7 Here is a photo taken Wednesday, May 29th, 2024 upstream of JC Boyle
8
9 dam, exposing a complete mess behind the dam with no mitigation of
10
11 anything. Upstream dam silt is present in the image.
12

13 Some grass growing up through the silt will be contaminated and any

14 animal eating it will die. Also, in the chemistry test fish were found to have high levels of
15 Arsenic and Chromium 6. See
16 https://salmonprottectiondevive.com/CDM_2011_0119_Screening-Level-Evaluation-of-
17 Contaminants-in-Sediments.pdf

18 This chemistry test was commissioned by US department of Interior and as

1    A Chemical Engineer plaintiff knows this is a correct chemistry test. Unlike

2    the defendant's sham chemistry test where they didn't say where they got

3

4    the samples from. The Federal Attorney helping Plaintiff lives in the area

5

6    and knows defendants took samples in the tributaries flowing into the

7

8    Klamath River. This water would be pristine. The samples didn't reveal

9

10   anything about the silt or the river water. Many dead animals along the

11

12   river's edge. We have obtained a dead beaver and are having it checked

13

14   for contaminants in its system

15   Chapter three Table 3.

16   Arsenic and Chromium 6 in the sediment behind the dams. See chapter three.

17   The below information is from the 2011 chemistry test of silt behind the Klamath river dams
18   which is now beside the river and downstream. The silt is contaminated with super high
19   levels of arsenic, chromium 6 and carcinogens. No one should go near the river without a
20   gas mask on.

21   Chapter three Table 3. Chemicals in 2009-2010 Klamath Reservoir Sediment that Exceed
22   One or More Human Health Sediment Screening Levels

23   See chapter 3. Arsenic, Chromium 6 and DDT in the sediment behind the

24   dams.

1   2011 Report of extremely dangerous arsenic, Chromium 6 and DDT

2   contamination in the Klamath River System silt, thoroughly debunking

3   KRRC's recent whitewash of their failure to mitigate.

4   The information below is from the 2011 chemistry test of silt behind the

5   Klamath River dams, which has now been deposited on downstream

6   riverbanks, thanks to KRRC's ineptitude.  All the riverbanks are now

7   contaminated with ultra-high levels of arsenic, chromium 6 and carcinogens

8   in the silt. No human should go near the river without a gas mask and the

9   original mitigation requirement of fencing must now be installed over twice

10  as much River mileage (RM) to prevent further destruction of wildlife.  This

11  is a high price to pay for KRRC's penchant for cutting corners to get the job

12  done quick.

13  Chapter three Table 3.

14  Chemicals in 2009-2010 Klamath Reservoir Sediment that Exceed One or

15  More Human Health Sediment Screening Levels.

16  Lower Klamath

17  Chromium at limit of SL1-FWS, SL2-FWS, FWS TEL, FWS LEL, FWS PEL, FWS TEC.

18  Upper Klamath

19  Chromium at limit of SL1-FWS, FWS TEL, FWS LEL, FWS PEL, FWS

20  TEC.

21  Copco 1 Reservoir

22  Arsenic concentration is 6.3 to 13 times concentration of safe limits of EPA

23  RSL TOT CAR, CHHSL Res, CHHSL Comm.

1    BIS(2-CHLOROETHYL) ETHER, a carcinogen is at the limits of EPA RSL.

2    J.C. Boyle Reservoir

3    Arsenic 38 to 214 times concentration of safe limits of EPA RSL TOT CAR,

4    CHHSL Res, CHHSL, Comm.

5    4,4-DDT 12 to103 times concentration of safe limits of ODEQ BSLV H-S,

6    ODEQ BSLV H-G.

7    Iron Gate Reservoir

8    Arsenic 26 to 143 times safe concentration exceeded all screening levels

9    high concentration. EPA RSL TOT CAR, CHHSL, Res, CHHSL, Comm

10    BIS(2-CHLOROETHYL) ETHER, a carcinogen is at the limits of EPA RSL.

11    Lower Klamath Estuary

12    Arsenic is 8.2 to 46 times in concentration exceeding all screening levels

13    EPA, RSL, TOT, CAR, CHHSL, Res, CHHSL, Comm.

14    Upper Klamath Estuary

15    Arsenic is 5.6 to 31 times safe concentration exceeding all screening levels

16    EPA, RSL TOT CAR, CHHSL Res, CHHSL, Comm.

17    BIS(2-CHLOROETHYL) ETHER, a carcinogen is at the safe limits of EPA RSL

18
19    Yes, Plaintiffs home is for sale. 18965 NW Illahe St, Portland, OR 97229 |
20
21    Zillow.
22
23    Plaintiff was 11 Bravo in the Army and in Vietnam. He knows firsthand what
24
25    a war zone looks like. The mess in the Klamath basin is a kin to a war
26
27    zone.

Fed. R. Civ. P. 4(e)". says (e)(1) "following state law for serving

a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made; However, by

Oregon law email service is allowed. UTCR 8 21.10 (2) explains a

document may be a pleading or many other documents.

Plaintiff has filed lawsuits and other court filings in local courts, Oregon

Appeals Court and Oregon Supreme Court. There is no such thing in the

Oregon Court system as a summons. Defendants' Legal Counsel that live

in Oregon, Julia E. Markley, Bar No. 000791and Megan Kathleen Houlihan,

OSB No. 161273 have no reasonable excuse for failing to realize that there

is no summons required in an Oregon Court.

## CONCLUSION

Defendants killed 2000 fish including endangered Salmon and a herd of

elk without permits. The out-of-state groups featured in the article include

"The crew from the restoration company Resource Environmental

Solutions, or RES, and Northern California's Karuk Tribe." The Klamath
River Renewal Corporation likewise, is also California based.

In OPB Article https://www.opb.org/article/2024/02/18/klamath-reservoir-
drawdown-water-quality-discussion/

Thousands of fish that inhabited the reservoirs have also died. These are

mostly non-native species, including yellow perch, crappie, and bass that

"It was always expected that these species would not persist," said Dave

Coffman, geoscientist for Resource Environmental Solutions, or RES,

during the press conference.


Defendants also released 5 million metric yards of silt

from the Iron Gate Dam on January 23rd, 2024 which killed all aquatic life to

the coast. 120 river miles are devastated. Defendants knew (Exhibit 1 in

February 17, 2022) they were not permitted to release more than 1500

cubic yards of silt from any of the dams. However, the silt on the sides of

the Klamath river is highly contaminated with extremely high concentrations

of arsenic and chromium VI and much more than the 4 dams and 1500

cubic yards each. Many animals have perished because of this

malfeasance.

Furthermore because of "wildfire" (arson fires https://cctruth.org/wildfire/)

season, there are no reservoirs for which air support can get water to drop

on the fires. Towns of Klamath Falls OR and Yreka Ca are in grave fire

danger. Furthermore, if further destruction of Iron Gate dam is not reversed

then massive flooding every spring in Siskiyou County CA.


These are the applicable environmental laws broken by defendants:

16 USCA § 1532(19); see also Goble, D. D.; George, S. M.; Mazaika, K.;

Scott, J. M. & Karl, J. (1999) "Local and national protection of endangered

species: An assessment," Environmental Science & Policy, 2, pp. 43-59.

18 U.S. Code § 41 - Hunting, fishing, trapping; disturbance or injury on

wildlife refuges.

The Endangered Species Act of 1973,

https://www.fws.gov/laws/endangered-species-act/section-11

33 U.S.C. §1251 et seq. (1972) Clean water act Section 404

18 USC 3 accessory after the fact

More importantly, standing is inherent or built-in by the Defendants'

violations of Federal Environmental law and the seven values articulated

therein, reserved for every citizen of the United States. Also moving back to

the Klamath Area gives legal standing.


**PRAYER FOR RELIEF**


1. Plaintiff hereby respectfully requests the court to issue a Writ of

   Mandamus that Defendants charge Plaintiff's team with the task of

   restoring the Klamath river back to its original Wild and Scenic

   condition as mandated by Congress, with dams and fish ladders and

grant Injunctive Relief to halt all further deconstruction. Plaintiffs team

are real scientists like chemical engineers who know how to separate

contaminants from the silt. Defendants obviously don't know how to

do this and are just growing polluted grass and shrubs.

2. Plaintiff hereby respectfully requests the court to order Defendants to

immediately surrender KRRC license and transfer all remaining

control and money to Salmon Protection Device non-profit.

Salmonprotectiondevice.com has Chemical Engineers and scientists

who know how to mitigate the contaminated silt and install fish

ladders on Iron Gate and JC Boyle Dams.

3. Plaintiff respectfully requests the federal court to vacate the

3:24-cv-00755-JR final dismissal on 7/26/2024.  This Federal Court

dismissal was based on KRRC's legal counsel untruthful ECF's and

wrong use of case law and federal law. Plaintiff already warned them

if they do this again, he will ask for full adjudication to the FBI to be

prosecuted to the full extent of the law.

4. Acknowledge standing based on Federal Environmental laws broken

with associated 7 Values denied to Plaintiff, class action members

and Plaintiff's actions take to move out of state to California due to

harms inflicted by Defendants' malfeasance.

Yes, Plaintiffs home is for sale. 18965 NW Illahe St, Portland, OR

97229 | Zillow.

With a proper ruling by the Federal court, Plaintiff will move back to

the Klamath basin in California and rectify the environmental mess

left by KRRC. Plaintiff was 11 Bravo in the Army and Vietnam who

knows firsthand what a war zone looks like. The devastation in the

Klamath basin is akin to a war zone.

5. Plaintiff hereby requests the court to provide relief with a signed

injunction by a Writ of Mandamus, and Summary Judgement because

defendants are not doing what they are legally required to do by

FERC and Army Corp of Engineers and the federal Clean Water Act

Section 404.  Defendants' have made public confession of these

crimes and have nonetheless proceeded with their nefarious, criminal

activity. The gravity of this case requires a court order that commands

a government official or entity to perform an act it is legally required to

perform as part of its official duties, or refrain from performing an act

the law forbids.  Persistent failure by KRRC's legal counsel to

properly format court documents is a secondary, but not

inconsequential reason to grant Summary Judgment.

6. Designate the Salmon Protection Device remediation team to the task

of project mitigation immediately to avoid more lethal environmental

consequences of Defendants' gross negligence.  This is much

worse than the Exxon-Valdez oil spill and Defendants' actions

devastated all aquatic life west of the Iron Gate Dam.  EPA has been

notified and is likely to declare it a Super-Fund Cleanup.

This designation needs to specify that no person shall go near the

Klamath River without a gas mask on until the salmon protection

device team removes and scrubs the contaminated silt on the

riverbanks. Every day that goes by is a threat to the lives of local

residents and wildlife.

7. Plaintiff hereby requests the court to provide Also any cost to the

Plaintiff as the court sees fit.

8. Plaintiff respectfully request the federal court for injunctive relief. This

designation as signs ever ¼ mile and at ever road and parking spot needs to

specify that no person shall go near the Klamath River without wearing a
gas

mask until the salmon protection device team removes and scrubs the

1  contaminated silt on the riverbanks. This included signage in English and
2
3  Spanish like this:
4
5  The river and silt are contaminated with very high levels of Arsenic,
6
7  Chromium 6 and DDT. Do not come near without a gas mask on. Do not eat
8
9  any fish from the river they are contaminated also. See
10  **https://salmonprotectiondevice.com/klamath-dams/**
11  Signed federal Magistrate Judge Mark D. Clarke
12
13  El río y el cieno están contaminados con niveles muy altos de arsénico, cromo 6 y
14  DDT. No se acerque sin una máscara de gas. No coma ningún pescado del río, ya
15  que también está contaminado. Consulte
16  https://salmonprotectiondevice.com/klamath-dams/
17  Firmado por el magistrado federal Mark D. Clarke
18
19
20
21
22  **Date:**_____
23
24
25  **Signature Honorable Judge** _____
26
27
28
29
30  **CERTIFICATE OF SERVICE**
31  I hereby certify that on August 8th, 2024, a true and correct copy of the
32  above document was electronically filed with the Clerk of the Court using
33  CM/ECF. A copy of the document will be served upon interested parties via
34  the Notices of Electronic Filing that are generated by CM/ECF. Additionally,
35  a courtesy copy is being provided as follows:
36
37  Attorneys for Defendants Dave Coffman, Mark Bransom and
38  Klamath River Renewal Corp.
39  Julia E. Markley, OSB No. 000791

1  JMarkley@perkinscoie.com
2  Megan K. Houlihan, OSB No. 161273
3  MHoulihan@perkinscoie.com
4  1120 N.W. Couch Street, Tenth Floor
5  Portland, Oregon 97209-4128
6  Telephone: +1.503.727.2000
7
8  ___ Via hand delivery
9  ___ Via U.S. Mail, 1st Class,
10 Postage Prepaid
11 ___ Via Overnight Delivery
12 ___ Via Facsimile
13 XX Via Email
14 XX Via CM/ECF notification
15 to the extent registered DATED: August 8th, 2024.
16 By: David White