IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WHITE,

       Plaintiff,

       v.

DAVE COFFMAN, et al.,

       Defendants.

_____

Case. No. 1:24-cv-1291-MC

OPINION & ORDER

MCSHANE, Judge:

    *Pro se* plaintiff David White seeks leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

    Plaintiff seeks an injunction preventing Defendants from removing several damns on the Klamath River. Plaintiff previously brought a nearly identical action against the same Defendants. 3:24-cv-00755-JR. As in the current Complaint, Plaintiff named the following Defendants in the earlier action: Dave Coffman, as geoscientist Resource Environmental Solutions, Mark Bransom in his capacity as Chief Executive Officer of Klamath River Dam

1 – Opinion & Order

Renewal Corp, and the Klamath River Renewal Corporation. That case was dismissed, with prejudice, mere days before Plaintiff filed this action. In the current Complaint, Plaintiff argues "The court docket reflects case 3:24-cv-00755-JR final dismissal on 7/26/2024 must be vacated because it's based on untruthful filings of defendants. That and this case are environmental laws broken by defendants." Compl. 7; ECF No. 1. In fact, in his prayer for relief, "Plaintiff respectfully requests the federal court to vacate the 3:24-cv-00755-JR final dismissal on 7/26/2024. This Federal Court dismissal was based on KRRC's legal counsel untruthful ECF's and wrong use of case law and federal law. Plaintiff already warned them if they do this again, he will ask for full adjudication to the FBI to be prosecuted to the full extent of the law." Compl. 18.

There are rules for challenging a final decision on the merits received in district court. The typical course for a party who finds the district court's ruling in error is to file a Notice of Appeal under rule 4 of the Federal Rules of Appellate Procedure. Additionally, rule 60 of the Federal Rules of Civil Procedure identifies the procedures a party may take when seeking relief from a Judgment or Order. On July 26, 2024, Judge Nelson issued a Judgment dismissing Plaintiff claims in the prior action. Judgment in 3:24-cv-00755-JR; ECF No. 71. The dismissal was with prejudice. *Id.* Although the rules provide Plaintiff with options at the district or appellate level, the rules do not allow Plaintiff to file a nearly identical action against the same Defendants, asking this Court to vacate the earlier Judgment. Indeed, res judicata (or "claim preclusion") bars Plaintiff from bringing this action. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *West'n Radio Servs. Co. Glickman*, 143 F.3d 1196, 1200 (9th Cir.

2 – Opinion & Order

1998)). "The doctrine is available whenever there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* Here, all of Plaintiff's claims "arise out of the same transactional nucleus of facts" as has been previously adjudicated in the prior proceedings. *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). As Plaintiff's claims are barred by res judicata, the claims must be dismissed. Plaintiff's application for leave to proceed in forma pauperis is DENIED. Any outstanding motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 15th day of August, 2024.

\_\_\_\_\_/s/ Michael McShane_____
Michael McShane
United States District Judge

3 – Opinion & Order